By the Court.—Dugro, J.
This is an appeal from a judgment dismissing the complaint in this action on the merits. I will speak of the plaintiff as the Improvement Company and of the Oregon Railway and Navigation Company as the Navigation Company.
The complaint, alleging a contract between plaintiff and defendants’ testator John B. Roach, who was doing business under the name of John B. Roach & Son, seeks in part a recovery thereon for breach of warranty; the answer contains a denial that John B. Roach ever entered into any contract with the plaintiff as set forth in the complaint. As there was no evidence in support of the plaintiff’s contention on this issue, there was, as to this branch of the case, no error in dismissing the complaint.
The complaint further alleges, substantially, that Roach failed to perform on his part a certain contract in writing for the building of a ship, duly made and executed by and between him and the Navigation Company; that on February 21,1884, the plaintiff duly performed the Navigation Company’s part of the contract; that the Navigation Company on said day assigned to the plaintiff all rights and interests, acquired or possessed by it by reason of this contract, and that the alleged non-performance on the part of Roach damaged the plaintiff $100,000. I will assume these allegations to constitute the cause of action relied upon by the plaintiff. The defendants admit the contract with the Navigation Company, and, among other things, allege that it has been duly performed.
*231 It seems that about February, 1883, a contract in writing was made between John B. Roach and the Navigation Company, for the building of a ship in consideration of $465,000. About February 21,1884, the ship was tendered by Mr. Weed, the representative of Roach, in performance of the contract, and $65,000, the balance unpaid on the contract, was demanded.
The facts which occurred at the time of the tender of the vessel, when the representatives of Roach and both companies were present, seem vital to the case. It appears that at this time $65,000 was due as a balance on the purchase money of the ship (the Navigation Company having paid $400,000 on account); that there were accounts to be settled and difficulties between the two companies in regard to thé ship ; that the Improvement Company wanted the vessel and was ready to pay the $65,000 balance, and that the Navigation Company, in the language of Mr. Holmes, “ would not surrender their rights to the ship unless they were paid by the Improvement Company for the advances which the Navigation Company had made to Roach on account of the former payments, and the Improvement Company was not able to pay at that time, until they finally accommodated their differences, the amounts which the Improvement Company so owed the Navigation Company. But as to these mutual accounts there was no question between Roach and the Improvement Company. The delay was caused solely by the difficulties between the two companies, Mr. Roach being ready and waiting to receive his money. For this reason, so far as Roach was concerned, there were two bills of sale given and the escrow made.”
As it was undetermined to whom the bill of sale should be delivered by Roach, in order to arrange the matter, it seems that it was agreed that Roach should accept the $65,000 from the Improvement *232 Company, and that he should deliver to Mr. Holmes two bills of sale, duplicates, with the exception that one ran to.the Navigation Company as vendee, and the other to the Improvement Company as vendee, and that upon such delivery Mr. Holmes should give to Roach a receipt, “ the substance of which had been agreed upon,” and.which was as follows : “ The final payments, in full for the SS. Santa Rosa having been paid to John Roach, I acknowledge to have received-this day from said John Roach two separate bills of sale of said steamship, one to the Oregon Improvement Company and the other to the Oregon Railway and Navigation Company in escrow, one to be delivered to whichever company shall be entitled to receive the same ; and the other, upon the cancellation thereof, to-be re-delivered to said John Roach, the bill of sale to said Improvement Company not to be delivered except upon the acquittal of John Roach & Son by the Oregon Railway and Navigation Company for full performance by them of the contract with the last-named company for the building of the said ship.
(Signed) Artemas H. Holmes.” Prior to the delivery of the papers and the payment of the $65,000, the plaintiffs’ representatives stated in the presence of Roach’s representative, Weed, that they could not pronounce upon the vessel as to its draught and speed conforming with the contract. Mr. Weed then said that “ as to particulars of speed and draught she did conform to the contract,” and thereupon the bills of sale were delivered to Mr. Holmes and the receipt and a check for the $65,000 were passed to Mr. Weed. Some few months later the two companies having arranged their difficulties, Mr. Holmes delivered the bill of sale to the Improvement Company and returned to Roach the other bill of sale.
The receipt above referred to seems to me to be *233 in the nature of a contract. From its terms it seems that the bill of sale to the Improvement Company was not to be delivered except upon the acquittal of Roach by the Navigation Company for full performance of the contract for the building of the ship. These terms were known to the plaintiff, and having under the circumstances accepted the bill of sale from Mr. Holmes, it is estopped by its conduct from claiming in this action that Roach has not fully performed his contract with the Navigation Company. If that contract be fully performed, no claim against the defendant could - pass by the alleged assignment by the Navigation Company to the Improvement Company.
It is claimed that the intention of the parties in making the provision as to acquittal in the receipt, was that Roach should only be acquitted by the Navigation Company of his duty to deliver the vessel to it, and that the acquittal was an acquittal as to delivery only; this may have been the intention, but the words of the receipt do not so express it, and these words must prevail as showing the intention of the parties.
The plaintiff contends that Weed’s statement as to the vessel’s draught induced the acceptance, that, as the statement was false, a warranty survived the delivery of the vessel, and that the present action is brought upon this warranty.
I agree with the plaintiff that a false representation at delivery under an executory contract of sale may cause a warranty to survive an acceptance, but it must be remembered that it was not shown that there was a sale of the vessel by Roach to the plaintiff. The sale of the vessel was to the Navigation Company. Whatever rights the Improvement Company had in the vessel were, under the evidence in the case, obtained by assignment from the Navigation Company. Weed’s representation that the ves *234 sel conformed with the contract, as to draught, may have been such a false representation as would render Roach liable in an action for damages for false representation, but this action is not for the tort.
At the trial the defendant moved for a nonsuit, and, his motion was granted ; the complaint was not dismissed on the merits; the judgment should, therefore, be modified by striking out the words “ on the merits ” where they appear therein, and, as so modified, should be affirmed with costs.
Truax, J., concurred.